USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/30/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                          :
AKWASI BOAKYE OSEI,                                   :
                               Plaintiff,  :
                                                         :     15 Civ. 03992 (LGS)
              -against-                         :
                                                         :     **OPINION AND ORDER**
STANDARD CHARTERED BANK, et al.,      :
                                 Defendants.  :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Akwasi Boakye Osei, appearing pro se, brings this action based on diversity jurisdiction against Defendants Standard Chartered Bank ("SCB") and Standard Chartered Bank Ghana Limited ("SCB Ghana") for, among other things, various tortious acts. For the reasons set forth below, this case is dismissed without prejudice for lack of subject matter jurisdiction.

## I.    BACKGROUND

      The Complaint asserts that Defendants wrongfully dishonored eight checks when Plaintiff's accounts had enough funds to cover the checks, causing Plaintiff monetary losses and injury to his credit and business. According to the Complaint, Plaintiff brought an action for breach of contract, conspiracy and defamation in the Ghana High Court seeking over $40 billion in damages. The Complaint asserts that Defendants have engaged in various tortious acts in connection with the Ghanaian court proceedings, such as "manufactur[ing] new fraudulent documents," and that the Ghanaian court awarded Plaintiff $14 million in compensatory damages. Plaintiff brings the instant action, requesting: (1) recognition of the judgment by the Ghana court; (2) permission to "re-litigate [] some of the merits of the Ghana Court Judgment"; and (3) "[e]xemplary [d]amages" of at least $30 billion against Defendants for conspiracy, defamation and other tortious acts.

The Complaint alleges that the Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(2).[1]  According to the Complaint, Plaintiff is a "Ghanaian citizen" residing "permanently" in the United States.  The Complaint alleges that SCB "is a public financial services company incorporated and headquartered in the United Kingdom" and that SCB regularly does business in the State of New York and has a place of business in New York.  The Complaint states that SCB Ghana "is a financial service company incorporated in Ghana . . . and maintains its principal place of business . . . in . . . Ghana."

By letter dated June 10, 2015, Defendants requested that the case be dismissed because "all three parties are aliens and, therefore, diversity jurisdiction is lacking."  Defendants stated that the Complaint accurately describes Defendants' places of incorporation and principal places of business with the clarification that SCB was a company incorporated in England with its principal place of business in England.

By Order dated June 10, 2015, Plaintiff was given until July 6, 2015, to respond to Defendants' letter and warned that the case would likely be dismissed for lack of subject matter jurisdiction.  In a letter dated June 15, 2015, Plaintiff stated that he had been granted "Political Asylum Status" by the United States, "relocated to the US to reside here permanently" and had received a notice dated June 4, 2015, from the Department of Homeland Security's Bureau of Citizenship and Immigration Status with his alien number and BCIS file number.  By letter dated June 19, 2015, Plaintiff stated that he is not a U.S. citizen, but rather a Ghanaian citizen currently in the United States under Political Asylum Status.  By letter dated June 29, 2015, Plaintiff

---

[1] The Complaint incorrectly asserts that jurisdiction is also proper based on Rules 301-02 of the New York Civil Procedure Law and Rules, New York's Uniform Foreign-Country Money Judgment Recognition Act and the United Kingdom's Common Laws.

provided an update on the appeal pending in Ghana but did not address this Court's subject matter jurisdiction.

## II.     DISCUSSION

The subject matter jurisdiction of the federal district courts is limited. Federal jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when diversity jurisdiction exists because plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000, *id.* § 1332. "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *accord Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . ."). When resolving issues of subject matter jurisdiction, "[a] district court can refer to evidence outside the pleadings and the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002) (citations omitted).

### A.     Federal Question Jurisdiction

As an initial matter, the Complaint does not invoke federal question jurisdiction, and this action does not arise under federal law or depend on resolution of questions of federal law. "Under 28 U.S.C. § 1331, federal courts have original jurisdiction over cases 'arising under' federal law." *Bracey v. Bd. of Educ. of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004). A case arises under federal law where federal law creates the plaintiff's cause of action or where "[the] well-pleaded complaint 'necessarily depends on resolution of a substantial question of federal law.'" *Id.* (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 28 (1983)). The Complaint seeks confirmation of the Ghana court's judgment based on New

York's Uniform Foreign-Country Money Judgment Recognition Act, but "the enforceability of foreign court judgments is a matter of state law" and does not confer subject matter jurisdiction in this case. *Mont Blanc Trading Ltd. v. Khan*, No. 13 Civ. 700, 2014 WL 1116733, at *1 (S.D.N.Y. Mar. 20, 2014) (collecting cases). The remaining claims in the Complaint are based on state tort law. Accordingly, there is no federal question jurisdiction.

### B. Diversity Jurisdiction

This action does not satisfy the requirements for diversity jurisdiction. Diversity of citizenship is present when the action is between "citizens of a State and citizens or subjects of a foreign state," 28 U.S.C. § 1332(a)(2), or between "citizens of different States and in which citizens or subjects of a foreign state are additional parties," *id.* § 1332(a)(3). "[D]iversity is lacking within the meaning of these sections where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens." *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002) (relying on *Romero v. Int'l Terminal Operating Co.,* 358 U.S. 354, 381 (1959)).

"[A] corporation shall be deemed to be a citizen of *every* State or foreign state by which it has been incorporated *and* of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1) (emphasis added). The Complaint alleges that both Defendants are incorporated and have principal places of business in foreign countries. Defendants agree with these factual assertions. Accordingly, Defendants are alien parties under § 1332.

As Plaintiff is a citizen of Ghana and currently resides in the United States as a political asylee, this suit is between alien parties. *See Tovar v. Indiana*, No. 11 Civ. 776, 2011 WL

5423161, at *2 (S.D.N.Y. Nov. 8, 2011) (collecting cases and stating diversity jurisdiction is absent "where a permanent resident alien appears opposite another alien"); *accord Aideyan v. Greaves*, 908 F. Supp. 196, 196 (S.D.N.Y. 1995) (holding that a plaintiff that is "admitted to the United States as a political asylee" is "an alien" for purposes of § 1332); 13E Charles Alan Wright et al., *Federal Practice and Procedure* § 3604 (3d ed.) (discussing 1988 and 2011 amendments to § 1332(a) regarding citizenship of aliens admitted to the United States and stating these amendments were not meant to expand the basis for alienage jurisdiction).  Accordingly, diversity of citizenship is lacking.

Plaintiff argues that Defendant SCB is a citizen of a State in the United States because SCB has at least one office in the New York.  This argument is legally incorrect.  SCB's New York branch office does not affect the jurisdictional analysis.  First, "an alien corporation's *worldwide* principal place of business, and not its principal place of business within the United States is controlling" for jurisdictional purposes.  *Bailey v. Grand Trunk Lines New England,* 805 F.2d 1097, 1101 (2d Cir. 1986), *cert. denied*, 484 U.S. 826 (1987).

Second, "even if a corporation organized under the laws of a foreign nation maintains its principal place of business in a State, and is considered a citizen of that State, diversity is nonetheless defeated if another alien party is present on the other side of the litigation." *Franceskin v. Credit Suisse*, 214 F.3d 253, 258 (2d Cir. 2000) (quoting *Int'l Shipping Co., S.A. v. Hydra Offshore, Inc*., 875 F.2d 388, 391 (2d Cir. 1989)) (alterations omitted); *see also Creaciones Con Idea, S.A. de C.V. v. Mashreqbank PSC*, 232 F.3d 79, 82 (2d Cir. 2000) (concluding that diversity was lacking in suit by a Mexican corporation against a corporation organized under the laws of the United Arab Emirates, even if the defendant's principal place of

business was in New York).  Because there are aliens on both sides of this case, diversity jurisdiction is lacking.

### III.     CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is DISMISSED, without prejudice, in its entirety.  This Order has no impact on whether Plaintiff may refile his action in state court.  The Clerk of Court is respectfully directed to close this case and to mail a copy of this Order to the pro se Plaintiff.

Dated:  June 30, 2015
        New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**