UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  7/27/15
```

-------------------------------------------------------------X
                                                             :
AKWASI BOAKYE OSEI,                                          :
                                       Plaintiff,            :
                                                             :          15 Civ. 3992 (LGS)
                     -against-                                :
                                                             :          **OPINION AND ORDER**
STANDARD CHARTERED BANK, et al.,                             :
                                       Defendants.  :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

By Opinion and Order dated June 30, 2015 (the "Opinion"), this case was dismissed for

lack of subject matter jurisdiction.  Plaintiff Akwasi Boakye Osei, appearing pro se, filed a letter

dated July 6, 2015, that is construed as a motion for reconsideration of the Opinion.  For the

following reasons, the motion for reconsideration is denied.[1]

"The standards governing motions for amendment of findings under Rule 52(b), motions

to alter or amend a judgment pursuant to Rule 59(e), and motions for reconsideration pursuant to

Local Rule 6.3 are the same."  *ResQnet.com, Inc. v. Lansa, Inc.*, No. 01 Civ. 3578, 2008 WL

4376367, at *2 (S.D.N.Y. Sept. 25, 2008) (quoting *Wechsler v. Hunt Health Sys., Ltd.*, No. 94

Civ. 8294, 2004 WL 2210261, at *2 (S.D.N.Y. Sept. 30, 2004)) (internal quotation marks

omitted).  The standard for granting such a motion is "strict, and reconsideration will generally

be denied unless the moving party can point to controlling decisions or data that the court

overlooked."  *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)

(citation and internal quotation marks omitted).

---

[1]     Familiarity with the Opinion, the underlying facts and procedural history is assumed.  *See
Osei v. Standard Chartered Bank*, No. 15 Civ. 3992, 2015 WL 4006211 (S.D.N.Y. June 30,
2015).

"A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys*, 684 F.3d at 52 (citation and internal quotation marks omitted). The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

The motion appears to rely on the "clear error" basis for reconsideration and argues that the Opinion overlooked that the Complaint "invokes subject matter jurisdiction under 'federal law.'" The motion contends that, if the Opinion considered the following allegations and legal authorities cited in the Complaint and Plaintiff's letters dated June 15, June 19 and 29, 2015, then the Court would have found federal question jurisdiction: (1) Defendants and their counsel had engaged in "fraudulent, deliberate, dishonest, corrupt, malicious and improper conduct" against "Plaintiff, his family, their businesses and companies"; and (2) Defendants and their counsel perpetrated "fraud on the court" by "fraudulently obtain[ing] a Stay Order from the Ghana Court of Appeal to deceive this Court . . . ."

Plaintiff's arguments lack merit for three reasons. First, as the Opinion held, the alleged fraud and other tortious acts purportedly committed by Defendants do not give rise to federal question jurisdiction. Second, the cases cited by Plaintiff do not address federal question jurisdiction. *See, e.g.*, *Bulloch v. U.S.*, 763 F.2d 1115 (10th Cir. 1985) (reversing finding of

district court setting aside judgment from a case involving the Tort Claims Act on the ground of fraud); *People v. Sterling*, 192 N.E. 229 (Ill. 1934) (Illinois Supreme Court affirmed dismissal of state court action for lack of jurisdiction.).  Finally, Plaintiff's assertion that Defendants fraudulently obtained a stay order from a Ghanaian court with the intention of using it here does not amount to a fraud on this Court because Defendants did not submit the stay order in this case.  Accordingly, Plaintiff has not shown the Opinion erred in concluding there was no federal question jurisdiction.

Plaintiff also asserts that judicial recusal is required based on partiality.  This assertion is incorrect.  Recusal is required in specific situations not relevant here as provided in 28 U.S.C. § 455(a), and whenever "an objective, disinterested observer fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal."  *Cox v. Onondaga Cnty. Sheriff's Dep't*, 760 F.3d 139, 150 (2d Cir. 2014) (quoting *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2009)).  That standard is not met here.  First, Plaintiff incorrectly asserts that the June 10, 2015, Order granted in part the motion to dismiss without permitting Plaintiff to respond.  The June 10 Order did not rule on the motion to dismiss and merely granted Defendants' request for an extension of time to respond to the Complaint.  Second, Plaintiff erroneously asserts that allowing Defendants to respond to Plaintiff's letters would have created federal question jurisdiction.[2]  Accordingly, recusal is not required.

---

[2]     Plaintiff argues bias because "[t]his Honorable Court, after receiving Plaintiff's letters dated June 19th & 29th, 2015, did not allow Defendants to respond and proceeded on given [sic] its final decision by dismissing Plaintiff's complaint in its entirety."  Plaintiff "believes he could have had subject matter jurisdiction under 'Federal Question Jurisdiction', if this Court had allowed reasonable time for Defendants to respond to Plaintiff's letters dated June 19th & 29th, 2015."

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED.  The Clerk

of Court is respectfully directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

Dated: July 27, 2015
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

4